Derbigny, J.
delivered the opinion of court. This is a case in which some of the creditors of a bankrupt have elected a syndic, in opposition to others, who contend that the election is illegal and void. From the decree confirming the nomination, an appeal is brought up by the opposing creditors.
*308 East’n. District.
May 1816.
The first question which arises is, Whether this is a decision that could be appealed from?
The jurisdiction of this court is confined by law to the revision of final judgments and decisions. It has been so recognised in the case of Brooks’s Syndics vs. Weyman, 3 Martin, 9. But this court has declared at the same time, that what is to be deemed a final decision must depend on the circumstances of each case. This amounts to a recognition of the principle, that an appeal lies from a decree which, though not final in the proceedings, is final as to the consequences, or in other words so far final, as to cause to the party an injury thereafter irreparable: as is expressed in III. part. 13, 23, and in the Recopilacion de las leyes de Castilla 4, 18, 3.
The decree here appealed from is not a final judgment in the proceedings: for such final judgment must be that which decides upon the rights of all parties concerned, by providing in what order and what proportion the debts shall be paid. We must therefore ascertain, whether this decree be one which causes to the appellants an irreparable injury.
The nomination of syndics, in cases of a cession of goods, vests such syndics with a right to take possession of the estate of the bankrupt, *309 to have it sold, to receive the proceeds and distribute them. For the faithful performance of this trust, they give no surety, because they are in fact the attornies of the creditors. Before any definitive judgment can be given in the case, the estate or the proceeds of it are at their entire disposal. If they dissipate or embezzle it, will an appeal from the definitive judgment afford any remedy? Clearly none. A decree then, the consequences of which may be such is certainly one of those decisions, which are considered in law as having the force of a final judgment.
Its correctness ought to be inquired into, while it is time to prevent the mischief. To say that this inquiry shall be made, when the final judgment comes before us, which signifies in other words, when the evil may have become remediless, would amount to a denial of justice.
In this case, it is contended that the nomination of the syndics is void on two grounds : 1, because made by creditors, whose united credits do not amount to a sum equal to what is due to the creditors who opposed the nomination : 2, because the person appointed is not one of the creditors of the estate.
I. On the first point, nothing is more positive than the authority of Febrero in his treatise de *310 Juicios, lib. 3, cap. 3, sect. 1, n. 26, speaking of the nomination of the administrator of the estate, (here named syndic) he says that “it must be made by all the creditors or a majority of them in amount” and not in number.
II. On the second, the dispositions of our Civil Code 84, art. 34, are equally decisive. It is there provided that “when a debtor surrenders his estate for the benefit of his creditors, they may cause to be appointed by the judge a curator, whose duty it shall be to take care of such estate, or they may appoint some one or more among them, under the name of syndics or assigns, to have the management of said estate.” The appellees contend that this faculty, given by law to the creditors, does not exclude the right, which they have, independently of any law, to choose whom they please to take care of their interest. That may be correct, when applied to a case in which all the creditors join in the nomination: but a nomination by a part must be made agreeably to law to bind those who do not concur in the appointment.
It is ordered, adjudged and decreed that the decree appealed from be avoided, annulled and reversed, and that a mandate issue to the district *311 judge commanding him to convoke, at such time and place as he may think fit, another meeting of the creditors of Joseph Enet, for the purpose of proceeding to the nomination of a syndic or syndics, according to the provisions of the law.
Moreau for the appellants. Hiriart for the appellees.
See post June Term, same case.